IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN A. JOHNSON,<br>   Petitioner, | : | CIVIL ACTION |
| v. | : | |
| MICHAEL C. BARONE,<br>   Respondent. | : | No. 10-849 |

MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**               APRIL 29, 2011

   Petitioner Marvin A. Johnson ("Johnson"), a prisoner incarcerated in the State Correctional Institution – Forest in Marienville, Pennsylvania, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court referred the petition to the Honorable Thomas J. Rueter, Chief United States Magistrate Judge for the Eastern District of Pennsylvania ("Judge Rueter") who filed a Report and Recommendation on May 26, 2010 ("May R&R"). Johnson did not object to the May R&R. This court recommitted this action to Judge Rueter in light of the decision of the United States Supreme Court in *Holland v. Florida*, No. 09-5327, 560 U.S. ___ (2010) and the decision of the United States Court of Appeals for the Third Circuit in *Lincoln v. Palakovich*, No. 08-3165, 2010 U.S. App. LEXIS 12661 (3d Cir. June 21, 2010) (unpublished). Judge Rueter filed a Supplemental Report and Recommendation on December 21, 2010 ("December R&R"). Johnson did file objections to the December R&R. Johnson's objections will be overruled, and the May R&R and December R&R will be approved and adopted.

   The May R&R details the relevant facts and procedural history of this action. *See* May R&R at 1-3. Most relevant here is that the habeas petition was filed on March 2, 2010, more than

1

seven years after the expiration of the one year statute of limitations for the filing of habeas petitions enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The May R&R found that the petition was not subject to statutory tolling, *see* May R&R at 5 and the December R&R found that the petition was not subject to equitable tolling, *see* December R&R at 5-6.

Johnson makes four objections to the December R&R. This court must make a *de novo* determination of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c). As Johnson's objections argue the merits of his petition instead of addressing the finding of the December R&R that his petition is time-barred, this court need not review them *de novo*.

First, Johnson objects that he exhausted available state remedies by filing all necessary appellate briefs in state courts *nunc pro tunc*. This assertion does not address the December R&R finding that there was no equitable tolling of the statute of limitations for the habeas petition, because Johnson failed to establish that he pursued his rights diligently. December R&R at 5. Whether state court procedural rules were complied with is an issue of procedural default, not equitable tolling. The R&R specifically notes that its recommendation is based on a lack of equitable tolling; it does not address procedural default. December R&R at 5-6. Regardless of whether Johnson filed appellate briefs and post-conviction briefs in state courts, or when he filed them, his federal habeas petition is beyond its statute of limitations. This objection will be overruled.

Second, Johnson objects that his sentence is illegal under the Pennsylvania Sentencing Guidelines. He claims ineffective assistance of counsel in not objecting to his sentence. This argument on the merits cannot be considered because his habeas petition was untimely filed. This

objection will be overruled.

Third, petitioner objects to the denial of a certificate of appealability ("COA"). Both the May R&R and December R&R recommend denying a COA because petitioner has not shown that reasonable jurists could differ on whether his petition was timely filed or presented issues deserving encouragement to proceed further. *See* May R&R at 8 n.4, December R&R at 7 n.6 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Johnson offers no new argument that leads this court to believe a COA should issue. This objection will be overruled.

Finally, petitioner objects that his motion for appointment of counsel was ignored but the May R&R, to which Johnson did not object, recommended denying this motion; the petition was clearly barred by the AEDPA statute of limitations and appointing counsel would provide no benefit. May R&R at 8. This objection is also moot, as this court denied the motion for appointment of counsel in its order dated March 30, 2011.

Johnson's objections will be overruled. Judge Rueter's R&R and Supplemental R&R will be approved and adopted. The petition for writ of habeas corpus will be denied. There is no probable cause to issue a certificate of appealability.

An appropriate order follows.